```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA                :
                                        :    S1 06 Cr. 600 (DLC)
              -v-                       :
                                        :    MEMORANDUM OPINION
MOHAMED AHMED, et al.,                  :        AND ORDER
                         Defendants.    :
                                        :
----------------------------------------X
```

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____          │
│ DATE FILED: 9/24/07         │
└─────────────────────────────┘
```

Appearances:

For the Government:
Daniel L. Stein
Anjan Sahni
Assistant United States Attorneys
Michael J. Garcia
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

For the Defendant:
Martin R. Stolar
351 Broadway
New York, New York 10013

DENISE COTE, District Judge:

Defendant Muhidin Mohamed ("Mohamed") was indicted on July 24, 2006, and is charged in a six-count superseding indictment (the "Indictment") filed on July 26, 2006. A trial for Mohamed and ten co-defendants is scheduled to begin November 26, 2007. Mohamed now moves for a severance of his trial from that of any co-defendant under Federal Rule of Criminal Procedure 14. For the following reasons, the motion is denied.

BACKGROUND

The Indictment charges Mohamed and forty-three co-defendants with conspiring to import and distribute cathinone, a constituent of a plant commonly known as "khat." Four of the leaders of the conspiracy, or otherwise significant defendants, were tried in June 2007, and the jury delivered a mixed verdict. Eleven more defendants, including Mohamed, are scheduled to begin trial on November 26, 2007.

Mohamed is charged with being among the conspiracy's regional distributors responsible for coordinating the distribution in New York. Specifically, the Indictment alleges that on or about August 18, 2005, Mohamed and co-defendant Hassan Sadiq Mohamed possessed approximately 87.49 kilograms of khat in Rego Park, New York. Mohamed now contends that "all of the conduct which underlies the present indictment was undertaken at the encouragement and direction of law enforcement officers for whom he was working as a cooperating informant," and therefore that, at trial, he intends to offer a "defense of actual or believed public authority," under Federal Rule of Criminal Procedure 12.3.[1] "Upon information and belief," Mohamed's counsel avers that the other defendants to be tried

---

[1] Mohamed has not complied with his disclosure obligations under Rule 12.3, despite requests by the Government. If Mohamed intends to rely on a Rule 12.3 defense, he must make this disclosure no later than September 28, 2007. The Government's response is due October 19, 2007.

2

along with him "will be relying on defenses that Khat is not a Schedule I controlled substance or that the government cannot prove beyond a reasonable doubt that an individual defendant committed the acts which are charged."[2] Accordingly, he argues that a joint trial will present an array of defenses "which are likely to be confusing and will detract from the individual consideration" to which Mohamed is entitled.

DISCUSSION

The standard governing motions to sever is well established. "Considerations of efficiency and consistency militate in favor of trying jointly defendants who were indicted together." United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003). In order to succeed on a motion to sever, a jointly-indicted defendant therefore must demonstrate not simply that he will be prejudiced by a joint trial, but that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

---

[2] Khat is not a controlled substance. Thus, the Government has the burden of proving with respect to the distribution conspiracy charge, for example, that the conspirators agreed to distribute cathinone or some substance controlled by our nation's drug laws. See United States v. Muse, No. 06 Cr. 600, 2007 WL 391563, at *2-*9 (S.D.N.Y. Jan. 30, 2007).

3

Mohamed has not carried his burden in demonstrating that a joint trial would pose a "serious risk" to his trial rights. Of particular importance, he has not demonstrated that the defenses allegedly to be offered by his co-defendants are in any way antagonistic to his Rule 12.3 defense. Indeed, as the Government rightly observes, the jury could "quite easily credit Mohamed's claim that he was acting with public authority and simultaneously conclude that a particular co-defendant either did not commit the acts charged in the Indictment or did not understand" that khat contained a controlled substance. At most, Mohamed has argued that the presentation of an array of defenses will be confusing to a jury and that he will be prejudiced by such confusion. But, as the Supreme Court has admonished, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539.

CONCLUSION

Mohamed's September 11, 2007 motion to sever his trial is denied.

SO ORDERED:

Dated:   New York, New York
         September 24, 2007

                                        /s/ Denise Cote
                                    _____
                                        DENISE COTE
                                    United States District Judge

4